### In re JEREMIAH SMITH & SONS, Inc.

(District Court, D. Connecticut. June 6, 1912.)

#### No. 1,608, D. C.

DAMAGES (§ 132*)—PERSONAL INJURIES—AMOUNT.

> A suitable award of damages to a married man, 28 years old, in good health and earning $10 per week, who was injured by an explosion which wrecked the boat on which he was working, as a result of which he suffered severe shock, the effect of which might be permanent, great pain and suffering, some impairment of his hearing and other minor injuries, it not appearing probable, however, that he was permanently disabled from performing any labor *held* to be $4,500.
>
> [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

In Admiralty. In the matter of petition of Jeremiah Smith & Sons, Incorporated, for limitation of liability. Hearing on claim of Edward O'Neil for damages. Damages awarded.

See also 193 Fed. 395.

James D. Dewell, Jr., of New Haven, Conn., and Avery F. Cushman, of New York City, for original libelant and petitioner.

John E. Healey (Frank Wasserman, of counsel), of Fall River, Mass., for claimant.

PLATT, District Judge. This matter has had its ups and downs. In its latest phase the damage claimant has been permitted to establish his claim at a hearing in which testimony has been offered pro and con, bearing upon his allegations of damage, in order that I may decide what compensation he is entitled to receive for his injuries, which were caused by the negligence of the original petitioners, acting through their vice principal. He will therefore be called the claimant and the original petitioner the respondent. The claimant is bound, of course, to prove his damages and injuries by a fair pre-

ponderance of the testimony. It is the duty of the court to go in his favor as far as evidence which seems credible and reasonable will warrant.

On December 22, 1908, the claimant was 28 years old, married, in good health, and earning $10 a week on a small boat at South Somerset, Mass. He was pouring gasoline into a pipe on the deck which connected with a tank below, and while doing so an explosion occurred which practically destroyed the boat and projected the claimant into the air. He landed in the water some distance from the dock, but was rescued and taken to his home, nearby, and from there, by ambulance, to a hospital. It was a severe explosion, and his escape from death is almost a miracle. He was badly burned, jarred, and shaken. His claim for injuries, which he endeavors to support by evidence, is very large. He tells me that his eyesight, which was excellent before the explosion, is very defective now. He uses glasses, which, by personal inspection, I find to have only a slight magnifying power. At the worst, the injury to his eyesight is moderate, and, taken alone, might be called negligible. He says that his hearing, good before, is permanently injured now, and that in one ear he cannot hear at all and in the other ear only loud and distinct talking. My view of the matter is that the explosion has caused serious and lasting injury to his hearing, but I do not think that he is as deaf as he says he is. During the trial he heard his own counsel much better than he appeared to hear counsel for respondent. I think an award of substantial damages will tend to benefit his capacity for hearing quite a little. He says his nose is permanently injured. It certainly was badly gashed, but, except as it affects his appearance, it cannot be said to be in such a condition as to permanently prevent its use for the purposes to which a nose is intended by nature to be put. If his sense of smell has been weakened, it will become normal after proper attention has been given to his nose.

His story about the fractures of the ribs and breastbone and depression of skull seems to have assumed undue prominence in his mind, owing to the exigencies of the trial. The doctor in charge at the hospital, after the accident, did not find the defects which are now exploited so strenuously. He mentions other troubles which I have not overlooked, but time forbids their enumeration. All the claimed injuries, both those which without doubt exist, and those lacking corroboration, are only incidents leading up to and offered as reasons for his main claim, that he is in general a nervous wreck, and will never recover. It is clear to me that he was very badly shattered as a direct result of the explosion. He will never again be the strong man he was before the accident. His pain and suffering must have been intense, although he would have me believe that for the first eight days after the explosion he was unconscious. In the matter of compensation I must credit him with considerable pain during that period. A careful review of all the testimony, however, fails to satisfy me that his earning power has gone forever. It was never very large, and in the natural order of events would have continued small if there had been no accident. I have struggled

to fix in my mind a belief that he will continue to be a permanent hindrance and incubus to his wife and family, after he gets what I deem to be reasonable compensation, but such a thought will not stay there. On the contrary, I feel sure that the award which I intend to make will act as a wonderful restorer to his energies. The amount of money, which will mean adequate compensation for his injuries, has from the beginning been floating through my mind as in close proximity to $5,000. It ought not to go much above or much below that sum.

As I am writing, this is my last thought. Let a decree be entered against the respondent for $4,500 and costs.