## LUNDY v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

District Court, E. D. New York. December 4, 1929.

No. 2849.

John Winans, of New York City, for plaintiff.

Howard W. Ameli, of Brooklyn, N. Y. (Frederick H. Cunningham, of New York City, of counsel), for defendants.

GALSTON, District Judge. This matter comes before the court on a motion to set aside a verdict in behalf of the plaintiff in the sum of $25,000, on the ground that the verdict was contrary to law, contrary to the evidence, contrary to the weight of evidence, and on the further ground that it was grossly excessive.

The plaintiff is a young man, who at the age of 25 enlisted as a seaman with the defendant the United Gulf Steamship Company on a voyage to Manchester, England. The negligence complained of, and apparently not seriously controverted by the defendants, consisted in the directions of the officer in charge of a crew for the positioning of the gangplank when the vessel berthed at Manchester. It was during the negligent handling of the gangplank by the defendant that the plaintiff suffered the injuries complained of. He was hit on the side of the head, rendered unconscious, and according to the testimony of himself and three physicians, has

lost the entire hearing of his left ear and part of the hearing of his right ear. In addition to loss of hearing, he testified to the impairment of his nervous system, and physicians also testified in support thereof.

The jury, of course, had the opportunity of measuring the credibility of the witnesses, as did the court. I was very much impressed by the testimony of the plaintiff, and particularly by the testimony of his physicians. Dr. Carr, the ear specialist, left no doubt in my mind that the plaintiff had lost the complete hearing of his left ear and had suffered a 30 per cent. loss of the hearing in his right ear. Whether the serious nervous trouble that followed the accident, and which persisted and persists, is wholly attributable to the accident itself may be doubted, but that the accident did contribute materially to the plaintiff's nervous condition I do not think can seriously be questioned.

The defendants' witnesses, on the other hand, I did not find either impressive or convincing. The evidence and the weight of evidence in my judgment sustain the verdict.

There remains the question of the amount of the verdict, for counsel for the defendants in his brief makes no reference to any errors in law.

How much shall be awarded to compensate the plaintiff for the injuries which he sustained and the damage to which he has been subjected is a question most difficult of determination. Certainly there is no mathematical formula available for the solution of such a problem. Doubtless the jury had in mind that though the injury was suffered by this plaintiff as an enlisted, able seaman, nevertheless he was a well-educated, intelligent lad, apparently possessed of considerable earning power. The testimony shows that the enlistment was for a part of his college vacation. The injury prevented him from completing his course at college. The field of his endeavors to earn a living has been considerably narrowed as a result of the injuries which he sustained. The jury may have had, and doubtless did have, in mind that the plaintiff was to be fully and fairly compensated for his pain and suffering, his mental anguish, bodily injuries sustained by him, his pecuniary loss, his loss of power and capacity to work, and its effect upon his future.

The defendants point to verdicts had in other cases involving personal injuries, and also quote liberally from the Workmen's Compensation Law of the State of New York (Consol. Laws, c. 67),· to show that the verdict herein is grossly excessive. Perhaps the case nearest in point is that of Stewart v. U. S. Shipping Board Emergency Fleet Corporation (D. C.) 7 F.(2d) 676, in which a steward suffering deafness in both ears was awarded but $6,500. It appeared, however, in that case that there was contributory negligence.

As to the Workmen's Compensation Statute, I think it has no bearing. Indeed, that seems to be admitted and is offered merely for purposes of seeming analogy.

I have read the case of In re Jeremiah Smith & Sons (D. C.) 196 F. 1002, relied on by the defendants, but here again there is a marked difference in the facts because the claimant was earning but $10 a week as a boatman. It may very well be that in that case there was no testimony offered of his ability to earn any more money.

In the case at bar, however, even with his impaired ability the plaintiff showed, particularly after the accident, an earning power of at least $100 a month. With his complete faculties and in sound physical condition, the jury was justified in believing that his earning power might well have been considerably in excess of that. Added to that impairment of earning was the pain and suffering and the deprivation of many of life's pleasures.

The plaintiff, in my judgment, should be awarded a substantial sum of money. Twenty-five thousand dollars in the rough seems excessive as compared with other verdicts. To what extent in dollars this should be reduced I am free to admit that I have considerable doubt, for I know of no case exactly in point nor close enough for strict analogy; and certainly I know of no mathematical formula or rule of law for exact guidance. In all the circumstances, perhaps a verdict of $17,500 would be fair, reasonable, and adequate.

Accordingly, the motion to set aside the verdict is granted unless the plaintiff stipulates within 10 days that the amount of the verdict be reduced to $17,500.